IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**STEVENSON LATROY FAIRLEY**                                  **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 2:12cv45-MTP**

**BILLY MCGEE, ET AL.**                                          **DEFENDANTS**

**OPINION AND ORDER**

This matter is before the Court on the Motion for Summary Judgment [32] filed by Defendants Billy McGee, Ron Taylor, and Ruby Bunkhelia. Having considered the motion, applicable law, and case record, the Court finds that Defendants' Motion [32] should be granted.

**FACTUAL BACKGROUND**

Plaintiff Stevenson Latroy Fairley, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 in this Court on March 20, 2012. The allegations in Plaintiff's Complaint occurred while he was being held at the Forrest County Jail for a probation violation. Plaintiff is no longer incarcerated and currently resides in Gautier, Mississippi.

Plaintiff brought this action against: Sheriff Billy McGee, Lieutenant Ron Taylor, Nurse Ruby Bunkhelia, Dr. Calvin Washington, and Police Chief Charles Bolton. Plaintiff voluntarily dismissed Dr. Calvin Washington, and the Court dismissed Police Chief Charles Bolton as a defendant following the Omnibus Hearing. (Order [14]; Omnibus Order [25] at 3.)

Through his Complaint and as clarified by his testimony at the *Spears*[1] hearing, Plaintiff alleges that the remaining Defendants failed to protect him from harm at the hands of a fellow

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) (stating that the testimony offered during an omnibus hearing supersedes the allegations made by a *pro se* plaintiff in the complaint).

inmate in violation of his constitutional rights.  Specifically, Plaintiff claims that on August 18, 2011, while he was returning to the Forrest County Jail from a court appearance, another inmate, David Cooper, assaulted him.  Inmate Cooper allegedly beat Plaintiff in the back with hand cuffs after Plaintiff existed the elevator onto the third floor of the jail. (Omnibus Order at 2.)

Plaintiff alleges that, before the assault, he informed Defendant Taylor that he had been in protective custody while housed in Jackson County and was supposed to remain in protective custody while at the Forrest County Jail.  Plaintiff also allegedly informed Defendant Taylor that an inmate would be waiting to attack him once he existed the elevator.  According to Plaintiff, Defendant Taylor was aware of the danger, failed to protect him, and conspired to cover up the assault. (Omnibus Order at 2.)

Inmate Cooper allegedly attacked Plaintiff in 2008, during one of Plaintiff's prior detentions at the Forrest County Jail.  Plaintiff alleges that Defendant McGee was aware of the 2008 attack but failed to prevent the August 18, 2011, attack.  After the August 18, 2011, attack, Plaintiff allegedly wrote a grievance to Defendant McGee, but Defendant McGee failed to take action to protect Plaintiff. (Omnibus Order at 2-3).

Plaintiff claims he was attacked again on August 24, 2011.  While Plaintiff was attempting to seek medical treatment, Defendant Bunkhelia allegedly forced him into a holding cell with Inmate Cooper and other dangerous inmates despite Plaintiff's warning that his life would be in danger.  Plaintiff alleges his shoulder was dislocated as a result of the attack. Plaintiff claims that these attacks resulted, in part, because of Defendants failure to protect him. (Omnibus Order at 3.)

Plaintiff brings this action against Defendants in their individual capacities.  He seeks

monetary damages for the alleged violations of his constitutional rights. In their Motion for Summary Judgment, Defendants claim that Plaintiff has not made a valid claim for failure to protect and qualified immunity bars the claims against them.

## ANALYSIS

**Summary Judgment Standard**

This Court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, movants demonstrate that there is no genuine issue of material fact and they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If movants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this Court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id* at 712.

There, however, must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations,"[2] unsubstantiated assertions,[3] or the presence of a "scintilla of evidence,"[4] is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no

---

[2] *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990)

[3] *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994)

[4] *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994)

*genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

Plaintiff has failed to file a response to Defendants' Motion for Summary Judgment. By not filing a response, Plaintiff has failed to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). Notwithstanding Plaintiff's failure to respond, summary judgment should not be automatically granted in favor of Defendants. *John*, 757 F.2d at 709. The burden still rests with the movants to establish the absence of a genuine issue of material fact.

**Qualified Immunity Defense**

Defendants maintain they are entitled to summary judgment as to Plaintiff's claims against them in their individual capacity based on the doctrine of qualified immunity. Under Section 1983, government officials performing discretionary functions in their jobs are entitled to qualified immunity from civil liability to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the 'objective reasonableness' of the action . . . assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Id*. (citing *Harlow*, 457 U.S. at 819).

When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001). The plaintiff must demonstrate "that the official's allegedly wrongful conduct violated clearly established law." *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997) (quoting *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992)). In this case, Plaintiff asserts that Defendants failed to protect him from harm at the hands of his fellow inmates.

Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). However, every injury suffered by one prisoner at the hands of another does not amount to a constitutional violation by prison officials responsible for prisoners' safety. *Farmer*, 511 U.S. at 834. To prevail on a failure to protect claim, Plaintiff must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).

Deliberate indifference consists of the official being aware of both the "facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Deliberate indifference "'is an extremely high standard to meet.'" *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). Negligent failure to protect an inmate does not rise to the level of a constitutional violation. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 837.

**August 18, 2011, Attack**

Plaintiff alleges he was assaulted by inmate David Cooper on August 18, 2011. Defendants do not dispute that Inmate Cooper assaulted Plaintiff on August 18, 2011, but they dispute that the assault occurred as a result from their deliberate indifference to Plaintiff's safety.

<u>Defendant Ron Taylor</u>

Plaintiff allegedly informed Defendant Taylor, while the two men were on the first floor of the Jail, that a "guy on the other side of the elevator [is] waiting on me." (MSJ Ex. 30: Transcript of Omnibus Hearing.) He also allegedly informed Defendant Taylor that he was supposed to be in protective custody. In his sworn testimony, Defendant Taylor states Plaintiff did not mention "that he was concerned for his safety or that he feared being assaulted by Inmate Cooper." (MSJ Ex. 32: Affidavit of Ron Taylor.)

According to Defendant Taylor, Plaintiff had no way of knowing that a threat existed on the third floor. He states that Plaintiff–while on the first floor–could not have known what was happening on the third floor because the monitors displaying images of the third floor were located in the control room and Plaintiff did not have access to the control room. (MSJ Ex. 32.) Plaintiff did not present evidence, besides his statements at the Omnibus Hearing, that would contradict Defendant Taylor's testimony. Nevertheless, even if the Court accepts Plaintiff's allegation as true and finds that Plaintiff and Defendant Taylor knew Inmate Cooper was on the third floor, such does not establish that Defendant Taylor recognized the existence of substantial risk to Plaintiff's safety.

Plaintiff's warning that a "guy on the other side of the elevator [is] waiting on me" is merely a vague, generalized fear that would not make Defendant Taylor aware of an *excessive*

risk to Plaintiff's safety. *See Ramos v. Menifee*, 2008 WL 924951, *2 (W.D. La. March 5, 2008). Plaintiff did not provide Defendant Taylor specific facts regarding the basis for his fear or the threat that Inmate Cooper posed.  The record demonstrates that Defendant Taylor was not aware of any threats made by Inmate Cooper, any prior altercation between Plaintiff and Inmate Cooper, or any written orders separating the two inmates.  The record does not establish "facts from which the inference could be drawn that a substantial risk of serious harm exists" or that Defendant Taylor drew the inference. *Farmer*, 511 U.S. at 837.

Officer Charles Sanders, who was with Inmate Cooper on the third floor prior to and during the attack, provided sworn testimony stating he had no way of knowing or anticipating that Inmate Cooper would attack Plaintiff. (MSJ Ex. 34: Affidavit of Charles Sanders.)  Also, there is no documentation in the record which shows that Plaintiff should have been in protective custody at that time.  Plaintiff failed to present, and the record does not contain, summary judgment evidence that Defendant Taylor knew Plaintiff was under an imminent threat of harm and intentionally ignored the threat. *See Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990) (holding that conclusory allegations are insufficient to establish a constitutional violation under Section 1983; such claims must be supported by specific facts).

Plaintiff also alleges Defendant Taylor conspired to cover up the assault.  A conspiracy claim requires an allegation that the defendants "entered into an agreement to commit an illegal act and plaintiff's constitutional rights must have been violated." *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008).  Conclusory accusations of conspiracy, however, do not state a claim under Section 1983 unless Plaintiff supports his allegations with material facts. *Babb v. Dorman*, 33 F.3d 472, 476 (5th Cir. 1994).  Plaintiff simply offers vague, conclusory, and unsubstantiated

allegations of a conspiracy to cover up the assault.  These allegations are insufficient to support his claim.  Additionally, his disagreement with the version of events found in the incident report is not enough to establish a genuine issue of material fact. *Ballard v. Hedwig*, 408 Fed. App'x. 844, 846 (5th Cir. 2011); *see also Day v. Quarterman*, 566 F.3d 527, 539-40 (5th Cir. 2009).  Accordingly, Plaintiff's claims against Defendant Taylor fail as a matter of law.

Defendant Billy McGee

Plaintiff also alleges Defendant McGee should have been aware that an attack by Inmate Cooper was imminent because Inmate Cooper had attacked Plaintiff in 2008 and Defendant McGee was aware of the prior attack.  Defendants dispute that Inmate Cooper attacked Plaintiff in 2008.  Defendants assert that there are no documents evincing an assault on Plaintiff by Inmate Cooper at the Forrest County Jail in 2008.

The record contains a January 7, 2008, letter from Plaintiff addressed to "Sgt" which states that he had been sexually assaulted and wants to die. (MSJ Ex. 4: Plaintiff's Letter.)  The letter does not indicate who allegedly assaulted Plaintiff.  Specifically, the letter does not mention Inmate Cooper.  As a result of the letter, Plaintiff was placed on suicide watch and treated for depression. (MSJ Ex. 5: Consultation Report.)  In his sworn testimony, Defendant McGee stated he had "no personal knowledge of an alleged assault by Inmate Cooper against Inmate Fairley in 2008" and had "no knowledge that Inmate Cooper was going to be involved in an altercation with Inmate Fairley." (MSJ Ex. 31: Affidavit of Billy McGee.)  From the letter alone, Defendant McGee would not be able to identify Inmate Cooper as a threat to Plaintiff.  Plaintiff failed to present, and the record does not contain, evidence that Defendant McGee knew Plaintiff was under an imminent threat of harm and intentionally ignored the threat. *See Fee*, 900

F.2d at 807.

Plaintiff further alleges Defendant McGee failed to take appropriate action after the August 18, 2011, assault. Specifically, Plaintiff alleges he wrote a grievance to Defendant McGee after the August 18, 2011, but Defendant McGee failed to take any action. Defendant McGee denies receiving a grievance from Plaintiff. (MSJ Ex. 31.) Plaintiff did not produce a copy of the grievance, but even if he had, it would not save Plaintiff's claim against Defendant McGee. Actions *were* taken as a result of the August 18, 2011, attack. Immediately following the attack, Plaintiff was taken for a medical evaluation. (MSJ Ex. 24: Incident Report; Ex. 25: Nurse's Notes.) Thereafter, Plaintiff was placed in protective custody, and Inmate Cooper was placed in lock-down for thirty days. (MSJ Ex. 24.)

Even if Defendants did not properly respond to Plaintiff's situation, "[a]ctions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference . . . ." *Estate of Davis ex rel. McCully v. City of N. Richlan Hills*, 406 F.3d 375, 379 (5th Cir. 2005). The record lacks summary judgment evidence showing that Defendants were deliberately indifferent to his need for protection from a substantial risk of serious harm. *See Grissom v. Patterson*, 1993 WL 560256, *3 (5th Cir. Dec. 27, 1993) ("Wantonness, in the context of a failure-to-protect claim, requires that the defendant be conscious of the inevitable or probable results of [his] failure to take preventative action.") (internal quotations and citations omitted; brackets in original).

Moreover, Plaintiff's failure to protect claim also fails against Defendant McGee because supervisory officials cannot be held liable under Section 1983 for the actions of their subordinates. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Under Section 1983, a

supervisor may only be found liable if he is personally involved in the constitutional deprivation or if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id*. at 304.  Plaintiff does not allege that Defendant McGee was personally involved in placing him at risk or that Defendant McGee participated in the attack on him by an inmate.  Accordingly, the claim fails to the extent it is based on the theory of vicarious liability.

**August 24, 2011, Attack**

Plaintiff alleges he was again attacked by Inmate Cooper on August 24, 2011, and suffered a dislocated shoulder as a result.  He allegedly requested medical care on August 24, 2011, and the nurse, Defendant Bunkhelia, forced him into a holding cell with Inmate Cooper and other inmates that posed a threat to his life.  However, unsubstantiated assertions will not defeat summary judgment where the evidence in the record is to the contrary. *In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000); *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010). The evidence in the record does not support Plaintiff's assertions.

In her sworn testimony, Defendant Buckhelia stated Plaintiff never made her aware of any threat to his safety. (MSJ Ex. 33: Affidavit of Ruby Bunkhelia.)  Defendant Buckhelia also stated officers place inmates in the holding cell, and she, being a nurse, never placed Plaintiff into the holding cell. (MSJ Ex. 33.)  In fact, Defendant Buckhelia testified by affidavit she was not on duty and not at the jail when Plaintiff arrived for medical treatment on August 24, 2011. (MSJ Ex. 33.)  More importantly, the record before this Court does not contain any reference to an assault by Inmate Copper or a shoulder injury suffered by Plaintiff on August 24, 2011.  No medical or prison records are before this Court which evince an attack or shoulder injury on

August 24, 2011.  Also, the evidence indicates Inmate Cooper was on lock-down on August 24, 2011. (MSJ Ex. 24.)  Plaintiff has failed to raise a material fact issue regarding deliberate indifference.  Plaintiff's claims against Defendant Buckhelia fail as a matter of law.

## CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motion for Summary Judgment [33] should be granted.  Accordingly,

IT IS THEREFORE, ORDERED:

1.  That Defendants' Motion for Summary Judgment is GRANTED and that this action is dismissed with prejudice.

2.  A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED

THIS, the 9th day of October, 2013.

s/ Michael T. Parker
United States Magistrate Judge